UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORY CURTIS and JONATHAN TORRES, individually, on behalf of the Amazon 401(k) Savings Plan, and on behalf of all similarly situated participants and beneficiaries of the Plan,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC; 401(k) COMMITTEE; John and Jane Does 1-30 in their capacities as members of the 401(k) Committee,<br><br>Defendants. | Case No. C24-2164RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint under Rule 12(b)(6), Dkt. #30. Plaintiffs have filed an opposition brief. *See* Dkt. #37. Neither party has requested oral argument. For the reasons below, the Court GRANTS this Motion.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

## II. BACKGROUND[1]

Plaintiffs Cory Curtis and Jonathan Torres, individually, as representatives of a class, and on behalf of the Amazon 401(k) Plan (the "Plan"), bring this action against Defendants Amazon.com Services, LLC ("Amazon"), the 401k Committee (the "Committee"), and the unnamed members of the Committee, alleging breaches of fiduciary duties and other violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001.

Plaintiff Cory Curtis was an employee of Amazon from 2019 to 2024 and participated in the Plan. Plaintiff Jonathan Torres was an employee of Amazon from 2014 to 2022 and participated in the Plan. Both Plaintiffs still participate in the Plan.

Defendants assessed certain Plan administrative fees and expenses on Plaintiffs' accounts. Defendants have discretion under the Plan to use funds forfeited under the terms of the Plan ("Forfeited Plan Assets") to offset these administrative fees and expenses but failed to do so, resulting in Plaintiffs having less funds in their accounts.

The Amazon Plan is a defined contribution, individual account, employee pension benefit plan under 29 U.S.C. § 1002(2)(A) and § 1002(34) and is subject to the provisions of ERISA pursuant to 29 U.S.C. § 1003(a).

Defendant Amazon is the sponsor of the Plan per ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B); a party in interest under ERISA § 3(14)(C), 29 U.S.C. § 1002(14)(C); and a Plan fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(2)(A), to the extent that it appointed members of the Committee and otherwise exercised discretion over the administration and management of the Plan and/or control of Plan assets.

---

[1] The Court will accept all facts stated in the Second Amended Complaint, Dkt. #27, as true for purposes of this Motion. The following facts come from that pleading unless otherwise noted. The Court will focus on only those facts relevant to Defendants' Motion.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

At all relevant times, Defendant the Committee was the Plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16); a party in interest under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A); and Plan fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), to the extent that it had or exercised discretion over the administration or management of the Plan and/or control of Plan assets.

At all relevant times, the terms of the Plan stated that the expenses of Plan administration may be paid from the "assets of the Trust" if Amazon chose not to pay these expenses itself.

The Plan is funded by wages withheld from participants and Amazon matching contributions. Under the terms of the Plan, participants are immediately vested in their own contributions and earnings but not vested in Amazon matching contributions and earnings thereon until after three years of service. To the extent a participant is not 100% vested upon termination of employment, the participant forfeits those Amazon contributions, subject to certain conditions.

These Forfeited Plan Assets are the subject of this litigation. The Plan document provided the Plan fiduciaries, *i.e.* Defendants, with the discretion to use Forfeited Plan Assets to "(a) reduce future Employer Contributions, (b) reduce Plan administrative fees and expenses, and (c) restore Accounts of reemployed Former Participants, in any order as directed by the Plan Administrator." Dkt. #27 at 8. Plaintiffs plead that "the Plan Fiduciaries have been and are required by 29 U.S. Code § 1104 to discharge their duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan." *Id*. Instead, Defendants "consistently chose to use the Forfeited Plan Assets for the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

exclusive purpose of reducing Amazon's non-elective matching contributions to the Plan, thereby saving Amazon millions of dollars at the expense of the Plan." *Id*. at 9.

How much money are we talking about here? During 2018, the terms of the Plan obligated Amazon to make non-discretionary contributions to the Plan in the amount of $216,987,417. That same year, Amazon had approximately $27,040,000 in Forfeited Plan Assets to work with. The Plan Fiduciaries exercised their discretion and used $21,343,000 of Forfeited Plan Assets towards Amazon's obligation to "reduce future Employer Contributions." Similarly, on December 31, 2018, there was still $5,697,000 in Forfeited Plan Assets that Amazon chose to put in a unallocated suspense account rather than to invest for the benefit of the Plan participants. The Plaintiffs plead similar amounts of Forfeited Plan Assets each year from 2019 through the filing of this case, with Amazon each time choosing to use these funds to reduce future Employer Contributions rather than to pay administrative expenses. This allegedly injured Plaintiffs.

Plaintiffs brought this putative class action in 2024 alleging a breach of fiduciary duty and certain violations of ERISA.

### III.   DISCUSSION

**A. Legal Standard**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

**B. Analysis**

Within the first page of briefing, Defendants argue that this case "flies in the face" of settled law and the express language of the Plan:

> …there is no dispute that participants in Defendants' retirement plan—the Amazon 401(k) Plan (the "Amazon Plan" or the "Plan")—have received all of the benefits they are due under the terms of the Plan. Instead, Plaintiffs assert that Defendants had a fiduciary obligation to try to coerce the Plan's sponsor, Amazon.com Services LLC ("Amazon" or the "Company"), to contribute more money to the Plan by allocating forfeitures to cover the cost of the Plan's expenses and/or by granting extra benefits to participants that are not mentioned in the Plan document. This theory of liability has been rejected by nearly every court that has considered it. *See, e.g., Hutchins v. HP Inc.*, 737 F. Supp. 3d 851, 862 (N.D. Cal. 2024). As these courts have recognized, Plaintiffs' theory imposes an "unqualified duty" on employers to provide benefits that are not contemplated by the terms of a plan, contradicting well-established precedents. *Id*. at 863. The theory also contravenes "the settled understanding of Congress and the Treasury Department, which have historically allowed the use of forfeitures … to reduce employer contributions." *Dimou v. Thermo Fisher Sci. Inc.*, 2024 WL 4508450, at *9 (S.D. Cal. Sept. 19, 2024).

Dkt. #30 at 7.

The parties have filed several notices of supplemental authority. *See* Dkts. #40 through #46. The Court has reviewed these cases and agrees with the holding of *Hutchins*, *supra*, and the many courts that have reached the same conclusion. The cases cited by Plaintiffs are either not on point due to differences in the factual record or are otherwise outweighed by the many

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

cases agreeing with the holding of *Hutchins*. *See* Dkt. #37 (citing *Rodriguez v. Intuit Inc.*, 744 F. Supp. 3d 935 (N.D. Cal. 2024); *Madrigal v. Kaiser Found. Health Plan, Inc.*, 2025 WL 1299002 (C.D. Cal. May 2, 2025); *Dimou v. Thermo Fisher Sci. Inc.*, 2024 WL 4508450 (S.D. Cal. Sep. 19, 2024); *McManus v. Clorox Co.*, 2025 WL 732087 (N.D. Cal. Mar. 3, 2025); *Perez-Cruet v. Qualcomm Inc.*, 2024 WL 2702207 (S.D. Cal. May 24, 2024); and *Buescher v. North American Lighting, Inc.*, 2025 WL 1927503 (C.D. Ill. June 30, 2025)). The Court finds that Defendants did not breach any fiduciary duty in this case because they followed the terms of the Plan, and that Plaintiffs' theory that this nevertheless violated ERISA is not plausible for the reasons stated in *Hutchins*. *See* 737 F. Supp. 3d at 861–64. The Court agrees with the many courts who have found that, under Plaintiffs' theory, a fiduciary would always be required to use forfeitures to pay administrative costs even if the plan document gave it the option to reallocate those funds to reduce employer contributions. This, in essence, would use the fiduciary duties of loyalty and prudence to create a new benefit to participants that is not provided in the plan document itself.

In addition to their breach of fiduciary duty claims, Plaintiffs bring a claim under ERISA § 406(a)(1), which prohibits an ERISA fiduciary from "caus[ing] the plan to engage in a transaction" that "he knows or should know … constitutes a … (A) sale or exchange, or leasing, of any property between the plan and a party in interest" or "(D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan." 29 U.S.C. § 1106(a)(1). Plaintiffs also bring a claim under ERISA § 406(b)(1), which prohibits an ERISA fiduciary from "deal[ing] with the assets of the plan in his own interest or for his own account." *Id*. § 1106(b)(1).

To assert a violation of § 1106(a) or (b), the plaintiff must allege an unlawful transaction. *See Lockheed Corp. v. Spink*, 517 U.S. 882, 888, 116 S. Ct. 301783, 135 L. Ed. 2d 153 (1996);

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 6

*Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1101 (9th Cir. 2004). Consistent with *Hutchins*, *supra*, which examined this same issue, the Court finds that Plaintiffs have failed to plausibly allege an unlawful transaction. *See* 737 F. Supp. 3d at 867–68. Accordingly, these claims must also be dismissed.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Dismissal here is a legal conclusion based on case law and certain facts not in dispute. Plaintiffs fail to point to other facts consistent with the challenged pleading that could cure the above deficiencies. Given all of this, the Court will not grant leave to amend.

## IV.   CONCLUSION

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss, Dkt. #30, is GRANTED. Plaintiffs' claims are DISMISSED without leave to amend. This case is CLOSED.

DATED this 16th day of January, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 7